UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MIKE ALONZO RODRIGUEZ, on behalf of himself :
and all others similarly situated, :
 :
                      Plaintiff, :
 :
            -against- : **COLLECTIVE ACTION**
 : **COMPLAINT**
88-18 TROPICAL RESTAURANT CORP. d/b/a :
TROPICAL RESTAURANT, ROOSEVELT :
TROPICAL CORP. d/b/a TROPICAL :
RESTAURANT, TROPICAL GREENPOINT CORP. : **JURY TRIAL**
d/b/a TROPICAL RESTAURANT and JAIME : **DEMANDED**
"JIMMY" ILLESCAS, :
 :
                      Defendants. :
------------------------------------------------------------------ X

        Plaintiff Mike Alonzo Rodriguez ("Plaintiff" or "Alonzo Rodriguez"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendant 88-18 Tropical Restaurant Corp. d/b/a Tropical Restaurant ("Tropical Woodhaven"), Roosevelt Tropical Corp. d/b/a Tropical Restaurant ("Tropical Woodside"), Tropical Greenpoint Corp. d/b/a Tropical Restaurant ("Tropical Long Island City") (together with Tropical Woodhaven and Tropical Woodside, collectively referred to as the "Tropical Restaurants"), and Jaime "Jimmy" Illescas (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

        1.    For over six years, Alonzo Rodriguez was employed as a dishwasher, delivery person, and cook at the Tropical Restaurants in Queens, where he worked up to seventy-two hours per week. Throughout his employment, Plaintiff did not receive the statutory minimum wage, overtime pay for hours worked over forty per week, or spread-of-hours pay. Additionally, Plaintiff did not receive wage notices, or wage statements at the end of each pay period.

2. Plaintiff brings this action on behalf of himself and all other similarly situated non-exempt workers, seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"). and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the Tropical Restaurants are located within the Eastern District of New York.

## THE PARTIES

**Plaintiff Mike Alonzo Rodriguez**

5. Alonzo Rodriguez resides in Hudson County, New Jersey.

6. Defendants employed Alonzo Rodriguez as a dishwasher, delivery person, and cook from approximately November 2013 until October 2020.

7. Alonzo Rodriguez worked at Tropical Woodhaven from approximately November 2013 until May 2015, and again during his last week of employment in October 2020.

8. Alonzo Rodriguez worked at Tropical Woodside from approximately June 2015 until December 2017, and again from approximately April 2020 to June 2020.

9. Alonzo Rodriguez worked at Tropical Long Island City from approximately January 2018 to March 2020, and again from approximately July 2020 to late-September 2020.

10. Throughout his employment with Defendants, Alonzo Rodriguez's work duties included making deliveries, washing dishes, cooking, unloading and storing product deliveries, sweeping and mopping floors, and cleaning kitchen and oven surfaces. On occasion, Alonzo Rodriguez accompanied Illescas to make bulk purchases of supplies for the Tropical Restaurants.

11. Throughout his employment, Plaintiff was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

12. Throughout his employment, Plaintiff was an employee within the meaning of the FLSA and NYLL.

**Defendant 88-18 Tropical Restaurant Corp.**

13. Defendant 88-18 Tropical Restaurant Corp. is a New York corporation that owns, operates, and does business as Tropical Restaurant, an Ecuadorian restaurant located at 88-18 Jamaica Avenue, Woodhaven, New York 11421.

14. Tropical Woodhaven is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Tropical Woodhaven has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. In the three years preceding the filing of this Complaint, Tropical Woodhaven has had an annual gross volume of sales in excess of $500,000.

**Defendant Roosevelt Tropical Corp.**

17. Defendant Roosevelt Tropical Corp. is a New York corporation that owns, operates, and does business as Tropical Restaurant, an Ecuadorian restaurant located at 67-22 Roosevelt Avenue, Woodside, New York 11377.

18. Tropical Woodside is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Tropical Woodside has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. In the three years preceding the filing of this Complaint, Tropical Woodside has had an annual gross volume of sales in excess of $500,000.

**Defendant Tropical Greenpoint Corp.**

21. Defendant Tropical Greenpoint Corp. is a New York corporation that owns, operates, and does business as Tropical Restaurant, an Ecuadorian restaurant located at 36-10 Greenpoint Avenue, Long Island City, New York 11101.

22. Tropical Long Island City is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. Tropical Long Island City has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. In the three years preceding the filing of this Complaint, Tropical Long Island City has had an annual gross volume of sales in excess of $500,000.

**Defendant Jaime "Jimmy" Illescas**

25. Defendant Jaime "Jimmy" Illescas ("Illescas") is the owner and operator of the Tropical Restaurants.

26. Illescas maintained operational control over the Tropical Restaurants by determining the wages and compensation of employees, establishing the schedule of employees, and maintaining employee records.

27. Illescas participated in the day-to-day operations of the Tropical Restaurants.

28. Throughout Alonzo Rodriguez's employment, Illescas was regularly present at Tropical Woodhaven, Tropical Woodside, and Tropical Long Island City actively managing restaurant operations.

29. Throughout Alonzo Rodriguez's employment, Illescas regularly interviewed, hired, and fired employees at Tropical Woodhaven, Tropical Woodside, and Tropical Long Island City.

30. For example, Illescas interviewed, hired and fired Alonzo Rodriguez.

31. Illescas supervised and directed employees' work, including the work of Alonzo Rodriguez.

32. Illescas determined when and at which restaurant location Alonzo Rodriguez would work and determined his rates of pay.

33. Illescas distributed weekly pay to Plaintiff and other employees of the Tropical Restaurants.

34. Illescas sets the Tropical Restaurants' payroll policies, including the unlawful practices complained of herein.

35. Illescas exercised sufficient control over Defendants' operations and Alonzo Rodriguez's employment to be considered his employer under the FLSA and the NYLL.

**The Tropical Restaurants Jointly Employed Plaintiff**

36. The Tropical Restaurants have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

37. The Tropical Restaurants regularly interchange and share employees, including Plaintiff.

38. The Tropical Restaurants share a singular online presence, https://www.tropical-restaurants.com/, which provides information about all three restaurants. The website also allows users to access the common menu shared by all restaurant locations and provides background information about the Tropical Restaurants.

39. Alonzo Rodriguez worked at Tropical Woodhaven from the start of his employment with Defendants through May 2015 and then, at Illescas' request, he began working at Tropical Woodside. In or around January 2018, Illescas assigned Alonzo Rodriguez to work at Tropical Long Island City until March 2020. In approximately April 2020, Illescas reassigned Alonzo Rodriguez' to work at Tropical Woodside when they were short staffed during the COVID-19 pandemic. In or around July 2020, Illescas changed Alonzo's Rodriguez's work location to Tropical Long Island City and, in October 2020, Illescas changed Alonzo's Rodriguez work location to Tropical Woodhaven.

40. Throughout Alonzo Rodriguez's employment, Illescas regularly made bulk supply purchases for the Tropical Restaurants.

41. Illescas is the owner of the Tropical Restaurants and is sued individually in his capacity as an owner, officer and/or agent of both restaurants.

42. On December 29, 2020, Alonzo Rodriguez served Defendants 88-18 Tropical Restaurant Corp., Roosevelt Tropical Corp., Tropical Greenpoint Corp. and Illescas, with

a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying them that Alonzo Rodriguez intends to charge each of them jointly and severally for all debts due to him for unpaid wages.

## FACTUAL ALLEGATIONS

43. From approximately November 2013 through May 2015, Alonzo Rodriguez regularly worked four days per week from approximately 11:00 a.m. or 12:00 p.m. to 10:00 p.m. and two days from 1:00 p.m. to 2:00 a.m., totaling approximately sixty-six (66) to seventy (70) hours per week.

44. From approximately June 2015 through mid-2016, Alonzo Rodriguez worked six days per week from approximately 11:00 a.m. to 10:30 p.m. to 11:00 p.m., totaling approximately sixty-nine (69) to seventy-two (72) hours per week.

45. From approximately mid-2016 through December 2018, Alonzo Rodriguez worked six days per week from 8:00 a.m. to 4:00 p.m., totaling approximately forty-eight (48) hours per week.

46. From approximately January 2019 through February 2020, Alonzo Rodriguez worked six days per week from 12:00 p.m. to 10:30 p.m. to 11:00 p.m., totaling approximately sixty-three (63) to sixty-six (66) hours per week.

47. From approximately March 2020 through June 2020, Alonzo Rodriguez worked five days per week from 11:00 a.m. to 8:00 p.m., totaling approximately forty-five (45) hours per week.

48. From approximately July 2020 to October 2020, Alonzo Rodriguez worked six days per week from 12:00 p.m. to 10:30 p.m. to 11:00 p.m., totaling approximately sixty-three (63) to sixty-six (66) hours per week.

49. From approximately November 2013 through 2015, Alonzo Rodriguez was paid $375 per week.

50. In approximately 2016, Alonzo Rodriguez was paid $400 per week.

51. From approximately January 2017 through August 2017, Alonzo Rodriguez was paid $450 per week.

52. From approximately September 2017 through mid-2018, Alonzo Rodriguez was paid $500 per week.

53. From approximately mid-2018 through February 2020, Alonzo Rodriguez was paid $600 per week.

54. From approximately March 2020 through June 2020, Alonzo Rodriguez was paid $500 per week.

55. From approximately July 2020 through October 2020, Alonzo Rodriguez was paid $600 per week.

56. Alonzo Rodriguez was primarily paid his wages from Defendants in cash but would, on occasion, be paid by personal check.

57. Alonzo Rodriguez was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate, on days that his shifts exceeded ten hours, as required by the NYLL.

58. Defendants did not furnish Alonzo Rodriguez with wage statements with each payment of wages as required by the NYLL.

59. Defendants did not furnish Alonzo Rodriguez with wage notices at his time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

60. Alonzo Rodriguez brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

61. The FLSA Collective consists of approximately thirty non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

62. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, *inter alia,* the following:

   a. failing to keep accurate records of hours worked by the FLSA Collective as required by law;

   b. failing to pay the FLSA Collective minimum wage for their first forty hours of work per workweek; and

   c. failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

63. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

64. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

65. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Tropical Restaurants and are readily

identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

66. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

67. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

68. The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

69. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.* and the supporting federal regulations, apply to Defendants.

70. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

71. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

72. As a result of Defendants' willful violations of the FLSA, Plaintiff and other non-exempt workers have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

73. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff and other similarly situated non-exempt workers.

75. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

76. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

77. Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

78. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and other similarly situated non-exempt workers minimum hourly wages.

79. As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime Wages)

80. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

81. Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

82. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

83. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

84. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

85. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime Wages)**

86. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

87. Defendants were Plaintiff's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

88. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

89. Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

90. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other similarly situated non-exempt workers overtime wages.

91. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Spread of Hours Pay)**

92. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

93. Defendants willfully failed to pay Plaintiff and other similarly situated non-exempt workers additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

94. By Defendants' failure to pay Plaintiffs and other similarly situated non-exempt workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

95. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

96. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

97. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

98. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

99. Due to Defendants' violation of NYLL § 195(3), Plaintiff and other similarly situated non-exempt workers are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

**SEVENTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)**

100. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

101. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

102. Defendants failed to furnish Plaintiff and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

103. Due to Defendants' violation of NYLL § 195(1), Plaintiff and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum wage provisions of the NYLL and FLSA;

c. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

d. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

e. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

f. declaring that Defendants' violations of the FLSA and the NYLL were willful;

g. awarding damages for unpaid minimum and overtime wages;

      h.      awarding unpaid spread-of-hours pay;

      i.      awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

      j.      awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

      k.      awarding pre-judgment and post-judgment interest under the NYLL;

      l.      awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      m.      awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
       May 26, 2021

                               PECHMAN LAW GROUP PLLC

                               By:    *s/ Louis Pechman*
                                       Louis Pechman
                                       Vivianna Morales
                                       Pechman Law Group PLLC
                                       488 Madison Avenue - 17th Floor
                                       New York, New York 10022
                                       (212) 583-9500
                                       pechman@pechmanlaw.com
                                       morales@pechmanlaw.com
                                       *Attorneys for Plaintiff*